# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Kevin S.H.,**
**Petitioner Below, Petitioner**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-1114** (Hardy County 11-D-29)

**Amy H.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin S.H., by counsel Nicholas T. James, appeals the circuit court's August 21, 2012 order denying his appeal from family court. Respondent Amy H., by counsel Jessica Mathias Baker, filed her response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married, and they had a child together in 2003. They were divorced by final divorce order entered on April 5, 2011. That 2011 order allocated shared custody of the couple's child with Amy H. designated as the primary custodian. That order also stated that Kevin S.H. was to have parenting time with the child at "all reasonable and seasonable times as the parties agree."

On June 8, 2012, the Family Court of Hardy County heard Kevin S.H.'s amended petition for contempt and modification filed on September 30, 2011. The family court heard testimony from witnesses for both parties. The family court entered its "Final Order" on June 25, 2012, finding that as of June 8, 2012, hearing, Kevin S.H. had not had any overnight visits with the child since the 2011 divorce. The family court found that both parties are fit parents. The family court ordered that the therapists for the child and for Kevin S.H. work and collaborate with one another to formulate a parenting plan that encouraged progressive reunification between Kevin S.H. and the child with the goal of the minor child eventually having overnight stays with Kevin S.H. At that time, however, all visits between the child and Kevin S.H. were to be at the direction of the therapists.

Kevin S.H. appealed that order to the Circuit Court of Hardy County. The circuit court reviewed the electronic media of the June 8, 2012 hearing and the "Petition for Appeal from Family Court Final Order" and entered its August 21, 2012 "Order." In its order, the circuit court set forth the standard of review for family court orders pursuant to West Virginia Code § 51-2A-

1

14(c) and *Robinson v. Coppala*, 212 W.Va. 632, 636, 575 S.E.2d 242, 246 (2002). The circuit court stated that the only ground for appeal is that the family court erred by failing to grant any custodial allocation of the minor child to Kevin S.H. after it determined that he was a fit parent. The circuit court concluded that the family court was "not unfamiliar" with the case; that both parties had been represented by counsel during the last four hearings; that both the child and Kevin S.H. were seeing counselors; that it is incredulous to believe that the family court's findings, decision, and ruling are based upon a single alleged comment as set forth in the petition; that the child's counselor testified that Kevin S.H. is insensitive toward his child and believes Kevin S.H. is working on that issue with his counselor; that Kevin S.H. needs to work with his counselor so that he can work through the issues in this case; that both counselors were in agreement with their visitation recommendations, and that increasing visitation to include overnight visitation would increase the anxiety of the child; that Kevin S.H.'s counselor testified that visitation should occur in a "gradual progression;" and that the family court's order dated June 8, 2012, appropriately included the involvement and collaboration of the therapists with the goal of overnight stays.

The circuit court concluded that the family court's findings of fact were not clearly erroneous and were not an abuse of discretion. The appeal from the family court was, therefore, denied. Petitioner appeals that denial to this Court.

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Zickefoose v. Zickefoose*, 228 W.Va. 708, 724 S.E.2d 312 (2012).

On appeal, petitioner asserts a single assignment of error: the family court erred by failing to grant petitioner any custodial responsibility after finding he is a fit parent. Petitioner contends that prior to the divorce, he and respondent agreed to share custody "fifty-fifty." He claims that despite the family court's finding that he is a fit parent, he was not granted any custodial responsibility and is limited to a few hours of supervised visits per week at the discretion of two counselors.

In its June 25, 2012, order, the family court set forth findings of fact, including the fact that the 2011 divorce order allocated shared custody of the child, with respondent designated as the primary custodian. That same order states that petitioner is to have parenting time with the child at "all reasonable and seasonable times as the parties agree." The family court further found that on August 2, 2011, a medical professional found that the child suffered from anxiety and panic attacks. Based upon our review of the record, we cannot find that the family court's factual findings set forth in its June 25, 2012, order were clearly erroneous.

In its June 25, 2012, order, the family court directed that the child remain in therapy with his counselor, that petitioner remain in therapy with his counselor, that the two counselors work

2

together to formulate a parenting plan that encourages progressive reunification between petitioner and the child with the goal of the child eventually having overnight stays with petitioner, and that all visitation between petitioner and the child shall be at the direction of the counselors. During the family court hearing, both counselors were in agreement with their visitation recommendations and that increasing visitation to include overnight visitation would increase the anxiety of the child. The family court also found, based on the testimony before it, that petitioner's counselor believed visitation should occur in a "gradual progression." It is clear from the family court's order that the order and direction going forward were based upon the recommendations of the expert counselors for both petitioner and the child. In addition, counsel for petitioner informed the family court that his client wanted to reach a point where he can have overnight stays with his son. Under the facts of this case, we find that the family court did not abuse its discretion in ordering gradual reunification rather than immediate custodial responsibility to petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3